IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JENNIFER ANN CRUMBLE | ) | Case No. 21−30027−KLP |
| | ) | Chapter 13 |
| Debtor | ) | |

## NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING

The above named Debtor, by counsel, has filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON February 3, 2021 at 10:00 a.m. in Honorable Judge Keith L. Phillis' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street, Room 4000
> Richmond, VA 23219-3515

2. You must also mail a copy to:

> James E. Kane, Esquire
> Kane & Papa, PC
> P.O. Box 508
> Richmond, VA  23218

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

        Respectfully submitted,

        JENNIFER ANN CRUMBLE
        By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

      I certify that on January 20, 2021, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

        /s/ James E. Kane
        Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JENNIFER ANN CRUMBLE ) | Case No. 21−30027−KLP |
| ) | Chapter 13 |
| Debtor ) | |

**MOTION TO EXTEND AUTOMATIC STAY AND MEMORANDUM IN SUPPORT**

COMES NOW JENNIFER ANN CRUMBLE (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Extend Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4. On January 6, 2021 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. During the one (1) year prior to filing this case, the Debtor was a debtor in one (1) pending bankruptcy case that was dismissed, a Chapter 13 case that was filed on March 5, 2019 and dismissed on January 5, 2021 (Case No. 19-31127) ("previous case").  In addition, the Debtor was a debtor in a Chapter 7 case filed on November 17, 2006 wherein I received a discharge on November 1, 2007 (Case No. 06-33295); a Chapter 13 case that was filed on March 17, 2009 and

dismissed on July 28, 2010 (Case No. 09-31668); a Chapter 13 case that was filed on August 11, 2010 and dismissed on March 16, 2015 (Case No. 10-35575); a Chapter 7 case filed on February 22, 2015 wherein I received a discharge on May 27, 2015 (Case No. 15-30868); and a Chapter 13 case that was filed on November 4, 2016 and dismissed on December 20, 2018.

6. The Debtor's family was negatively impacted by Covid-19. In March 2020, the Debtor was taken out work as she and her daughter were experiencing Covid symptoms. The Debtor's daughter is high risk so her doctor specially required that both of them remain quarantined. During the quarantine, the Debtor was unable to work. In September 2020 the Debtor's entire household was diagnosed with COVID-19 which put her family in tremendous debt. In December 2020 the Debtor suffered an accident that resulted in injuries to her spine, which has prevented her from working. The Debtor ultimately determined that she could not recover financially from these events and felt it best to dismiss the previous case and re-file. She is contemplating applying for Social Security Disability if she doesn't recover soon.

### Facts of the Instant Case

7. In the instant case, the Debtor will be proposing a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month, and $135.00 per month for a period fifty-nine (59) months.

8. Among other provisions, the Plan proposes the following: Payment through the Trustee to Henrico County for delinquent personal property taxes, and to unsecured creditors a dividend of approximately one percent (1%).

### Discussion

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken

4

with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the

5

proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney at 694.

**Argument**

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and the Debtor's property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

6

  a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 1% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

  b. *Debtor's financial situation* – Debtor has income from working as a hair stylist. She also receives Social Security and SNAP benefits. Application of this factor favors a finding of good faith.

  c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

  d. *Debtor's employment history and prospects* – Debtor has income from working as a hair stylist. She also receives Social Security and SNAP benefits. Application of this factor favors a finding of good faith.

  e. *Nature and amount of unsecured claims* –Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

  f. *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

      g.    *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

      h.    *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

      18.    Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, the Debtor asserts the following additional arguments:

      a.    *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

      b.    *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

      c.    *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d.    *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

    e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, JENNIFER ANN CRUMBLE respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

                                    Respectfully submitted,

                                    JENNIFER ANN CRUMBLE
                                  By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

      I certify that on January 20, 2021, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

      /s/ James E. Kane
      Counsel for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JENNIFER ANN CRUMBLE ) | Case No. 21−30027−KLP |
| ) | Chapter 13 |
| Debtor ) | |

## AFFIDAVIT OF JENNIFER ANN CRUMBLE

JENNIFER ANN CRUMBLE, known to me, and upon oath, stated as follows:

1.   My name is JENNIFER ANN CRUMBLE. I am above the age of 18 years, and competent to make this affidavit.

2.   I have personal knowledge of the facts set forth in this affidavit.

3.   I reside at 135 Drybridge Court, Sandston, VA 23150.

4.   I have income from self-employment as a hair stylist.  I also receive Social Security benefits for my children and SNAP benefits.  I am the debtor in the present bankruptcy case.

5.   During the one (1) year prior to filing this case, I was a debtor in one (1) pending bankruptcy case that was dismissed, a Chapter 13 case that was filed on March 5, 2019 and dismissed on January 5, 2021 (Case No. 19-31127) ("previous case").  In addition, I was a debtor in a Chapter 7 case filed on November 17, 2006 wherein I received a discharge on November 1, 2007 (Case No. 06-33295); a Chapter 13 case that was filed on March 17, 2009 and dismissed on July 28, 2010 (Case No. 09-31668); a Chapter 13 case that was filed on August 11, 2010 and dismissed on March 16, 2015 (Case No. 10-35575); a Chapter 7 case filed on February 22, 2015 wherein I received a discharge on May 27, 2015 (Case No. 15-30868); and a Chapter 13 case that was filed on November 4, 2016 and dismissed on December 20, 2018.

6. My family has been negatively impacted by Covid-19. In March 2020, I was taken out work as my daughter and I were experiencing Covid symptoms. My daughter is high risk so my doctor specially required that both of us remain quarantined. During the quarantine, I was unable to work. In September 2020 my entire household was diagnosed with COVID-19 which put my family into tremendous debt. In December 2020 I suffered an accident that resulted in injuries to my spine, which has prevented me from working. I ultimately determined that I could not recover financially from these events and felt it best to dismiss the previous case and re-file. I am contemplating applying for Social Security Disability if I do not recover soon.

7. I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

8. I will propose the following treatment of my creditors in my Chapter 13 Plan: $50.00 per month for a period of one (1) month, and $135.00 per month for a period fifty-nine (59) months.

9. Among other provisions, the Plan proposes the following: Payment through the Trustee to Henrico County for delinquent personal property taxes, and to unsecured creditors a dividend of approximately one percent (1%).

10. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

11. My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

12. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

13. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

14. My income is consistent and likely to remain so during this case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on January 20, 2021.

                                      /s/ JENNIFER ANN CRUMBLE  (seal)
                                      JENNIFER ANN CRUMBLE

## CERTIFICATE OF ACKNOWLEDGMENT

State of Virginia
City of Richmond; to wit:

The foregoing instrument was acknowledged on January 20, 2021, by JENNIFER ANN CRUMBLE.

                                      /s/ Cristina Marie Diez
                                      Notary Public

My Commission Expires:     August 31, 2024
Notary Registration Number:     7691239